UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:08mc0164 |
| | ) Judge Campbell |
| CITY OF NASHVILLE, | ) |
| Defendant. | ) |

3  08   0719

## MEMORANDUM

The plaintiff, proceeding *in forma pauperis*, brings this *pro se* action against the City of Nashville. The Court liberally construes the complaint as having been brought under 42 U.S.C. § 1983.

To state a claim under § 1983, the plaintiff must allege and show: 1) that she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325

(1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id* at 327-28; *Brown v Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The pleadings in this case comprise a complaint filed on July 17, 2008 (Docket Entry No. 1), and what appears to be an amendment to the complaint filed on July 18, 2008 (Docket Entry No. 3). Read together, the pleadings contain generalized allegations of harassment, vague claims of conspiracy, random vulgarities, and threats to kill. The pleadings also rail against homeland security, life on the streets, the President of the United States, and celebrity figures. In a word, the pleadings are "delusional."

The district court is not required to conjure up claims to prevent *sua sponte* dismissal of a *pro se* plaintiff's incoherent and unintelligible complaint. *See* Fed. R. Civ. P. 8(a)(2); *see Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Clark v National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)(*per curiam*). Rather, the district court may dismiss a complaint such as the one presently before the Court under Rule 12(b)(1), Fed. R. Civ. P. *See Duncan v Rolm Mil-Spec Computers*, 917 F.2d 261, 263 (6th Cir. 1990); *Moir v Greater Cleveland Reg'l Transit Auth*, 895 F.2d 266, 269 (6th Cir. 1990). Because the complaint is delusional and does not lend itself to liberal construction, it will be dismissed as frivolous.

An appropriate Order will be entered.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge